No. 12413

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

GEORGE M. WASHINGTON,

Plaintiff and Respondent,

-vs-

HESTER P. WASHINGTON,

Defendant and Appellant.

---

Appeal from:  District Court of the Thirteenth Judicial District,
Honorable Jack D. Shanstrom, Judge presiding.

Counsel of Record:

For Appellant:

Hutton, Schiltz and Sheehy, Billings, Montana
John C.Sheehy argued, Billings, Montana

For Respondent:

Gary L. Beiswanger argued, Billings, Montana
Robert P. Ryan,, Billings, Montana

---

Submitted:  March 2, 1973

Decided: MAR 2 3 1973

Filed: MAR 2 3 1973

Thomas J. Kearney
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is a motion to dismiss the appeal filed by the respondent George M. Washington. The motion requests this Court to dismiss the appeal:

> " * * * for the reason that the appellant failed to
> have prepared a transcript of the evidence presented
> to the lower court, and that each of the specifications
> of error * * * raised by defendant would require either
> an agreed statement of fact or a transcript prepared
> after hearing * * *."

The response of appellant, Hester P. Washington, to this contention is that she is urging strictly a legal argument and that the record filed with this Court is adequate for that purpose.

The underlying action in this appeal is a divorce action commenced by the respondent in the district court of Yellowstone County. A decree was entered in that action on December 31, 1971. A property settlement previously entered into by the parties was incorporated in the decree. Following a sale of some property which was covered by the agreement, the appellant petitioned the district court to give her a lien on the proceeds of that sale as security for the money she was to receive from the settlement. The respondent cross-petitioned for a modification of the decree on the ground of change in conditions.

A hearing was held on the petitions on May 17, 1972. There was no court reporter present at the time of the hearing, but both parties agreed to proceed with the hearing. During the course of the hearing, the appellant objected to the introduction of any testimony concerning a change of circumstances of the respondent. The objection was overruled. Respondent then presented testimony concerning his change in financial condition. The matter was taken under advisement and on June 13, 1972, the district court entered an order relieving the respondent of his responsibility for the payment of alimony. On July 17, 1972, the appellant filed her exceptions to the order and a motion for extension of time in which to file a statement of the evidence. No action was taken on those motions by the district court and this appeal

- 2 -

was filed on August 31, 1972.

The motion to dismiss the appeal was filed on January 23, 1973, after the appellant's brief was filed on December 18, 1972. The motion was heard and both parties presented oral argument through their respective counsel.

The issue before this Court is whether the appellant has fulfilled her duty under Rule 9, M.R.App.Civ.P. to furnish a sufficient record on appeal for this Court to decide the controversy. Appellant argues that the appeal concerns:

> " * * * an issue of law which this court can decide
> without a transcript of the evidence. The wife's brief
> filed in this cause on appeal has confined the issues to
> that precise issue of law."

Respondent argues that the issues raised by the appellant on appeal:

> " * * * are entirely founded on the insufficiency of the
> evidence to support the findings of fact of the trial
> court."

To some degree this Court must agree with the position expressed by the respondent. Rule 9(b), M.R.App.Civ.P. states:

> "In all cases where the appellant intends to urge in-
> sufficiency of the evidence to support the verdict,
> order or judgment in the district court, it shall be
> the duty of the appellant to order the entire trans-
> cript of the evidence."

In reading appellant's brief, particularly the "statement of issues presented for appeal", it is apparent appellant is urging that the findings of fact upon which the district court made its order were not supported by the evidence. In her issue No. 2 the appellant contends the court committed error in its finding of fact No. 1 because "(b) That from the evidence and from the property settlement agreement * * *"; this is just one example of several similar statements in the brief alleging the findings of fact were not supported by the evidence.

It is clear to this Court that to fully decide the matters raised, as complete a record as possible must be supplied. When a hearing is held and there is no court reporter present Rules 9(c) and (d), M.R.App.Civ.P. provide two methods for supplying a record on appeal. Under subsection (c) the appellant may prepare a statement of the evidence and serve it upon the

respondent. The respondent then has the opportunity to make any objections. The statement along with any objections are submitted to the district court and the district judge will settle the record. Under subsection (d) the parties may make an agreed statement of the case and along with any additions by the district court it will be certified to this Court as the record on appeal. Either one of these methods could have been used in this case and an attempt was commenced by the appellant, as evidenced by her motion for an extension of time to prepare such a statement of the evidence, but later abandoned.

Therefore it is the opinion of this Court that upon the issues raised by the appellant, the record is inadequate except as to the sole issue whether or not as a matter of law the alimony provision of the property agreement was integral to the agreement and not severable and as such was not subject to modification by the court.

As to any and all other issues attempted to be raised by appellant, the motion to dismiss is granted.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Associate Justices

- 4 -